UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KAREN KATTENGELL                         CIVIL ACTION


VERSUS                                   NO.  06-10477


ALLSTATE INSURANCE CO., ET AL            SECTION "R"(3)


<u>**ORDER AND REASONS**</u>

Before the Court is the plaintiff's motion to remand the above-captioned case to the 34th Judicial District Court for the Parish of St. Bernard, Louisiana.  For the following reasons, the Court GRANTS the motion.


**I.    BACKGROUND**

Plaintiff Karen Kattengell is a Louisiana property owner who suffered damage to her property during Hurricane Katrina. Katengell sued her insurance provider, Allstate, under her homeowner's policy.  It is undisputed that Allstate lacks citizenship or a principal place of business in Louisiana. Kattengell also sued two insurance agencies, Greg Ruiz Agency

("Ruiz") and Gallodoro Insurance Agency ("Gallodoro").  It is undisputed that Gallodoro and Greg Ruiz are citizens of Louisiana.  As such, the parties are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332.  *See McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004).

Kattengell sued in Louisiana state court, and Allstate then removed the case.  Katengell has filed a motion to remand the matter to state court.  Allstate asserts that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the nondiverse insurance agent defendants have been joined improperly.


## II.  LEGAL STANDARDS

### A.  Applying Louisiana Law

Because jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  In Louisiana, the sources of law are legislation and custom.  *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine,

2

conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (*quoting* La. Civ. Code art. 1*).*  In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.,* 179 F.3d 169, 174 (5th Cir. 1999)).  To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it.  *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

    **B.   Removal**

    A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.

3

*See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### C.    Improper Joinder

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332.  However, a defendant may remove by showing that the nondiverse party was improperly joined.  *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).  Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one.  *Id*.  Improper joinder may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[1]  *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder."  *See Melder v. Allstate Corp.*,

Cir. 2003).  In *Ross*, the Fifth Circuit clarified the standard
for finding improper joinder when a defendant alleges that
plaintiff is unable to state a claim against the nondiverse
defendant.  *Id*. at 462-63.  The Court must determine whether
there is arguably a reasonable basis for predicting that state
law might impose liability on the nondiverse defendant.  *Id.
(citing Great Plains Trust Co. v. Morgan Stanley Dean Witter &
Co*., 313 F.3d 305, 312 (5th Cir. 2002)).  This means that there
must be a reasonable possibility of recovery, not merely a
theoretical one.  *Id.*  The standard for evaluating a claim of
improper joinder is similar to that used in evaluating a motion
to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Id.*
The scope of the inquiry for improper joinder, however, is
broader than that for Rule 12(b)(6), because the Court may
"pierce the pleadings" and consider summary judgment-type
evidence to determine whether the plaintiff has a basis in fact
for his or her claim.  *Id.* (*citing Travis v. Irby*, 326 F.3d 644,
648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*,
385 F.3d 538, 542 (5th Cir. 2004).  In conducting this inquiry,
the Court "must also take into account all unchallenged factual

---

404 F.3d 328, 329 (5th Cir. 2005).  However, the term "fraudulent
joinder" is still used in many Fifth Circuit cases, causing no
shortage of confusion.

allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

## III. DISCUSSION

Kattengell argues that remand is proper because the Court lacks subject matter jurisdiction.  Allstate contends that Gallodoro and Ruiz were improperly joined because there is no reasonable basis on which Kattengell can state a claim under Louisiana law against them.  Allstate argues that the Court thus has diversity jurisdiction.

Specifically, Allstate asserts that Kattengell does not state a claim against Gallodoro or Ruiz, that any claims against Ruiz are perempted under Louisiana law, and that any claims against the two agencies were improperly joined with Kattengell's claim against Allstate.

### A.   Ruiz

Based on the allegations set forth in Kattengell's state court petition and in her post-removal affidavit, the Court finds that Katengell's petition does state claims against Ruiz.  The Court further finds that the claims are not perempted and are not

improperly joined with the other claims in this case.  It is not disputed that Kattengell's homeowner's policy was initially issued in about 1996 and that Kattengell renewed it each successive year thereafter.  In her petition, Kattengell alleges, *inter alia*, that Ruiz failed to advise her of her insurance needs, failed to procure homeowner's insurance to cover the value of her property as she requested, breached a duty to procure insurance to cover the value of her home and its contents from storm damage, and negligently represented and promised her certain entitlements under her policy in the event of a windstorm.  (R. Doc. 1-2 at p. 5, ¶ 17).  In her affidavit, Kattengell further alleges that, in the three years before August 29, 2006, she continued to make Ruiz aware of the extent of coverage she desired, *i.e.*, a combination of homeowner's and flood coverage that would fully insure her home from hurricane loss.  (R. Doc. 4-3, ¶¶ 4, 5).  She alleges that Ruiz made representations and failed to disclose pertinent information that led her to believe her home was fully insured, when in fact coverage was denied after Katrina.  She further alleged that Ruiz led her to believe that the contents of her home were covered in the event of a windstorm when they were not.  *Id.* at ¶¶ 6, 10. According to Kattengell, the agency made these misrepresentations in connection with her renewals of the policy in 2003, 2004, and

2005.  *Id.* at ¶¶ 2, 4, 5.

It is well established under Louisiana law that a plaintiff may recover for her insurance agent's failure to procure requested insurance coverage.  The Louisiana Supreme Court has held: "An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested coverage."  *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973).  An insurance agent is more than a "mere order taker" for the insured.  *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 230 (5th Cir. 1990) (quoting *Durham v. McFarland, Gay and Clay Inc.*, 527 So.2d 403, 405 (La. Ct. App. 1988)).  Citing *Karam*, the Fifth Circuit stated:

> In order to recover for a loss arising out of the failure of an insurance agent to obtain insurance coverage, the plaintiff must prove: (1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that the client was properly insured.

*Offshore Prod. Contractors*, 910 F.2d at 229.

Broadly construing Kattengell's petition and affidavit in

her favor, the Court cannot conclude that there is no reasonable probability that she can satisfy each of these three elements. As Kattengell's insurance agent, Ruiz undoubtedly entered into an agreement with Kattengell to procure her insurance coverage. When an agent has reason to know the risks against which an insured wants protection and has experience with the types of coverage available in a particular market, "we must construe an undertaking to procure insurance as an agreement by the agent to provide coverage for the client's specific concerns." *Id*. (citing to several Louisiana appellate court decisions).  In her petition, Kattengell alleges that Ruiz failed to obtain requested coverage for windstorm damage, despite the agency's alleged representations to the contrary.  In her affidavit, she alleges that Ruiz, without her knowledge and against her wishes, procured a policy that did not cover wind and rain damages that occurred separately from flooding.  She further alleges that Ruiz misled her to believe she had contents coverage, which was untrue.  In response to these allegations, the defendants have produced no evidence, in the form of affidavits, deposition testimony, or even a copy of the applicable insurance policy, that would contradict Kattengell's assertions or establish undisputed facts.

There is thus an arguably reasonable basis to predict that, if the allegations are true, Louisiana law might hold Ruiz liable

for his failure to procure the requested insurance.  As Judge
Edith Jones wrote in *Offshore Production Contractors*, *supra*,
"Where an insurance broker has experience in a particular field,
that broker should possess reasonable knowledge of the general
types of policies available, understand their different terms,
and explore the specific coverage available in the area in which
the client seeks to be protected."  *Id.* at 231.  Furthermore,
there is no evidence that Ruiz ever notified Kattengell before
Hurricane Katrina of his alleged failure to procure the requested
coverage.  Finally, in light of Kattengell's allegation that Ruiz
represented that the contents of Kattengell's home were covered,
there is an arguably reasonable basis to predict that Louisiana
law might hold that Ruiz's actions led Kattengell to believe she
was insured for contents damaged by wind and rain.  Although the
Court acknowledges that this case falls between straightforward
cases in which plaintiffs make concrete and specific allegations
of wrongdoing, and the converse in which plaintiffs clearly
allege no colorable claim, the Court must find that Kattengell
has made sufficient allegations to reasonably predict that a
Louisiana court might find Ruiz liable to plaintiff under
Louisiana law.

Allstate also argues that Kattengell's claims against Ruiz
are perempted by the terms of La. Rev. Stat. § 9:5606, a statute

establishing peremptive periods for contract and tort actions
brought against insurance agents.  The statute provides as
follows:

> No action for damages against any insurance agent . . .
> whether based upon tort, or breach of contract, or
> otherwise, arising out of an engagement to provide
> insurance services shall be brought unless filed . . .
> within one year from the date of the alleged act,
> omission, or neglect, or within one year from the date
> that the alleged act, omission, or neglect is
> discovered or should have been discovered. However,
> even as to actions filed within one year from the date
> of such discovery, in all events such actions shall be
> filed at the latest within three years from the date of
> the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606.  The statute became effective in July
1991, and it does not apply if the plaintiff's cause of action
accrued before its effective date.  *See* 1991 La. Sess. Law Serv.
Act 764 (West); *Roger v. Dufresne*, 613 So. 2d 947, 949-50 (La.
1993).  Under the express terms of the statute, regardless of
whether plaintiffs sued within one year of discovering their
cause of action, the claim is still perempted if plaintiff does
not bring it within three years of the act, omission, or neglect.
La. Rev. Stat. § 9:5606.  Further, peremptive statutes are not
subject to suspension.  *Reeder v. North*, 701 So. 2d 1291 (La.
1997).

Although Allstate offers no evidence of this fact, the
parties apparently agree that the initial policy was issued in

11

about 1996.  Kattengell avers in her affidavit that Ruiz made
annual renewals each year thereafter, including the years 2003,
2004, and 2005.  Kattengell has alleged that, during the course
of making those renewals, she made Ruiz aware of the coverage she
wanted, and representatives of Ruiz made representations and
failed to give her critical information about her policy that
misled her to believe that she was covered for damage caused by
wind and rain from a hurricane.  She also alleges that Ruiz
failed to procure the coverage that she requested.  Allstate
alleges that the peremptive period began upon the initial
issuance of the policy.  Allstate contends that this case is
governed by the principle that subsequent renewals of insurance
policies do not restart the peremptive period for acts or
omissions committed at the time of initial purchase.  *See Biggers
v. Allstate Ins. Co.*, 886 So.2d 1179, 1182-83 (La. Ct. App.
2004); *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So.2d 377, 382-
83 (La. Ct. App. 2003; *see also Bordelon v. The Indep. Order of
Foresters*, 2005 WL 3543815, at *3 (E.D. La. Oct. 4, 2005).  As
Kattengell did not commence this case until August 18, 2006,
Allstate asserts that the three-year limitation period bars any
claims against Ruiz.

    The Court must determine "whether there is arguably a
reasonable basis for predicting that state law might impose

12

liability." *Ross*, 344 F.3d at 462.   The only evidence before the
Court as to the time period at issue is Kattengell's affidavit,
in which she states that Ruiz's representatives misled her as to
the level of coverage she had in the three years leading up to
Hurricane Katrina, including 2005.   (R. Doc. 4-3, ¶¶ 2, 4, 5).
Kattengell alleges that she made her wishes known to Ruiz at each
renewal, and Ruiz made representations to her that led her to
believe that her home and its contents would be insured against
win and rain from hurricanes.   *Id.* at ¶ 5.   If these allegations
are true, then in 2005 Kattengell requested a level of coverage
that Ruiz failed to procure, and Ruiz by his acts and omissions
misled her about the existence of the desired coverage during
that same period.   There is no other evidence.

The purpose of the Court's summary inquiry, in which it
pierces the pleadings, is "only to identify the presence of
discrete and undisputed facts that would preclude [plaintiffs']
recovery against the in-state defendant." *Smallwood*, 385 F.3d at
573-74.   The Court finds no discrete and undisputed facts that
would preclude recovery from Ruiz.   The Court cannot determine
from the facts before it that Ruiz's act, omission, or neglect
did not take place within the one-year/three-year peremptive
period.   The Court thus cannot conclude that Kattengell is unable
to prove a set of facts on the issue of peremption that could

entitle her to relief.  Joinder of Ruiz is not improper on this
ground.

Allstate contends that the Court should not consider
Kattengell's affidavit because it improperly presents a new cause
of action.  Allstate is correct that Fifth Circuit law bars the
introduction of new theories in post-removal affidavits.  *See*
*Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)
("Post-removal filings may not be considered, however, when or to
the extent that they present new causes of action or theories not
raised in the controlling petition filed in state court.").
Post-removal affidavits are appropriate to clarify or amplify the
claims made in the original petition.  *Id*.  Here, Kattengell
stated in her petition that Ruiz made negligent representations
about Kattengell's rights under the policy and failed to obtain
the requested coverage.  The affidavit merely clarifies that time
frame in which these alleged acts or omissions occurred, and it
is appropriate for the Court to consider the affidavit.

Finally, Allstate asserts that the claims against Ruiz are
improperly joined because Kattengell's claims against Ruiz are
unrelated to her claims against Kattengell.  Allstate relies on
the general acceptance of the Eleventh Circuit's decision in
*Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th
Cir. 1996), which found that when a diverse defendant is joined

with a nondiverse defendant as to whom there is no joint, several or alternative liability and when the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant, this can serve as a third situation of fraudulent joinder in addition to the two identified in *Smallwood*.  *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (summarizing the holding in *Tapscott*).  The Fifth Circuit appears to have adopted *Tapscott*'s fraudulent joinder principle in *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002).  Even so, the plaintiffs' claims against their insurance provider and agent are not improperly joined. Kattengell's claims each arise from what they allege was a lack of coverage for the damages their residence sustained in the aftermath of Katrina, satisfying the requirement for joinder under Fed. R. Civ. P. 20.  (Rule 20(a) states in pertinent part: "All persons . . . may be joined in one action as defendants if there is asserted against jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.")  In similar factual contexts, courts in this district have found a "palpable connection" between claims against an insurance company and an

15

insurance agent, such that the claims were not fraudulently joined.  *See Radlauer v. Great N. Ins. Co.*, No. 06-1737, 2006 WL 1560791, at *5-6 (E.D. La. May 16, 2006) (Zainey, J.); *see also Richmond*, 2006 WL 2710566, at *6; *Schwartz*, 2006 WL 980673, at *5.  The Court thus concludes that there is no improper joinder on this ground.  As such, complete diversity is lacking, and the Court does not have subject matter jurisdiction over this case.


**B.   Gallodoro**

Allstate argues that the petition fails to state a claim against Gallodoro because the petition repeatedly refers to Kattengell's homeowner's policy and Gallodoro was Kattengell's agent for purposes of obtaining flood insurance.  As a practical matter, because Ruiz defeats the complete diversity of the parties, the Court need not determine whether Kattengell states a claim against Gallodoro.


**IV.  CONCLUSION**

For the foregoing reasons, Kattengell's motion to remand is GRANTED.  The case is REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, Louisiana.

16

New Orleans, Louisiana, this 25th day of January, 2007.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE